# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Criminal No. 15-CR-752 |
| v. | ) | |
| | ) | |
| BRANDENBURGER & DAVIS | ) | Judge Matthew F. Kennelly |
|   and | ) | |
| BRADLEY N. DAVIS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER GOVERNING DISCOVERY FOR PURPOSES OF RULE 11 HEARINGS, SENTENCINGS, AND RELATED MOTIONS

Upon the joint motion of the parties, pursuant to Federal Rules of Criminal Procedure 6(e) and 16(d)(1), it is hereby ORDERED that:

1.　As used in this Protective Order, the word "Defendants" means the individual and corporate Defendants; defense counsel actively representing the Defendants in the above captioned matter; and partners, associates, secretaries, paralegals, and employees of those defense counsel, but only to the extent reasonably necessary to render professional services in this case.

2.　This Protective Order authorizes the United States to disclose materials, including grand jury materials, to the Defendants to properly ensure that (1) any guilty plea entered into by either Defendant at a Rule 11 hearing is entered into voluntarily and that any associated waivers are made "knowingly, intelligently, [and] with sufficient awareness of the relevant circumstances and likely consequences," *Brady v. U.S.*, 397 U.S. 742, 748 (1970), (2) the parties, including the Defendants, are equipped to prepare and present their arguments on any sentencing issue, and (3)

that the parties have information sufficient to file motions, if any, with the Court in connection with or otherwise related to a Rule 11 hearing or a sentencing hearing (the "Purposes of this Protective Order").  This Protective Order applies to all materials produced or shown to the Defendants by the United States in the above-referenced case (hereinafter "Protected Materials").

      3.      Except as permitted by Federal Rule of Criminal Procedure 6(e), this Protective Order, or another court order, attorneys for the United States and the Defendants shall not disclose the Protected Materials or their contents to anyone.  Solely to effectuate the Purposes of this Protective Order:

    a. defense counsel may show the Protected Materials to the Defendants;

    b. attorneys for the United States and defense counsel may use their knowledge of the Protected Materials to interview prospective witnesses;

    c. attorneys for the United States and defense counsel may show a prospective witness or the witness' counsel the Protected Materials, but the prospective witness and the witness' counsel may not retain copies without prior permission of the Court; and

    d. attorneys for the United States and defense counsel may allow consultants, investigators, experts, and any other third party retained for preparing for the above-captioned matter ("Designated Agents") to view the Protected Materials.

      4.      For each person to whom the Protected Materials have been shown or their contents disclosed by attorneys for the United States or defense counsel pursuant to Paragraph 3 of this Protective Order, attorneys for the United States and defense counsel shall provide that person a copy of this Protective Order and have that person sign the attached Acknowledgment of Protective Order.  Attorneys for the United States and defense counsel shall not be required,

absent further court order, to disclose the identities of persons to which they have disclosed or disseminated the Protected Materials or the Acknowledgment of Protective Order obtained from such persons.  Attorneys for the United States and defense counsel shall maintain a copy of each signed Acknowledgment of Protective Order.  No person shall be required to disclose their receipt of Protected Materials or the aforementioned Acknowledgment of Protective Order pursuant to this Protective Order.

5. The parties may apply to the Court for a modification or rescission of this Protective Order at any time.

6. Each person to whom Protected Materials have been shown or their contents disclosed pursuant to Paragraph 3 of this Protective Order shall not discuss with, or disclose the contents of the Protected Materials to, anyone other than defense counsel or his or her own counsel, and shall not be permitted to further disclose such Protected Material, unless otherwise authorized to do so by this Protective Order.  In the event that any defense counsel, Defendant, prospective witness, or Designated Agent inadvertently discloses the Protected Materials in violation of this Protective Order, defense counsel shall immediately notify the attorneys for the United States of the following: (a) the fact of the disclosure; (b) the time of the disclosure; (c) the location of the disclosure; (d) the identity of the recipient of the disclosed Protected Materials; and (e) any additional non-privileged facts surrounding the disclosure.  In addition, defense counsel shall use reasonable efforts to secure the return or destruction of the inadvertently disclosed Protected Materials.

7. Any abstracts, summaries, or information derived from the Protective Material and any notes or other records made relating to the contents of the Protected Materials (collectively "Derivative Materials and Information") may only be disclosed to others if

disclosure of the underlying Protected Materials to those recipients is also authorized by this Protective Order.  Anyone in possession of the Protected Materials, copies thereof, or Derivative Materials and Information shall maintain their confidentiality pursuant to the terms of this Protective Order after this case is disposed of by the court's post-plea sentencing, appeal, if any, or other resolution of the charges against the Defendants.

8. With the exception of certain attorney work product described in Paragraph 9, all Protected Materials and all Derivative Materials described in Paragraph 7 above shall either be promptly destroyed or returned to the United States following the resolution of the charges against the Defendants.  The Defendants' counsel may retain in their case file the Protected Materials and Derivative Materials described in Paragraph 7 above for the later of (a) twelve months after the final judgment of their respective client's case, or (b) until a collateral attack, if any, has been resolved (provided that such claim has been filed within twelve months of the date of final judgment) including any attack premised on 28 U.S.C. § 2255 ("Retention Period"). Upon the expiration of the Retention Period, or at such earlier time that a Defendant's counsel opts to not retain the Protected Materials and Derivative Materials for the full Retention Period, that Defendant's counsel shall either destroy or return to the United States all Protected Materials and Derivative Materials described in Paragraph 7 above.  If the Defendants' counsel elects to destroy any Protected Materials and Derivative Materials rather than to provide it to the attorneys for the United States, they shall certify in writing to the attorneys for the United States that such materials have been destroyed.   All other individuals to whom Protected Materials or Derivative Materials have been disclosed pursuant to this Protective Order shall within 30 days of the resolution of this case destroy or return to the United States all Protected Material and Derivative Materials described in Paragraph 7 above.

9. Attorney work product of the Defendants' counsel that contains Derivative Material and Information is not subject to the requirements in Paragraph 8, above. Such attorney work product may be retained by the Defendants' counsel indefinitely, but must still otherwise be treated as Protected Material for the duration of its existence.

10. Should either Defendant receive a subpoena, document request, civil investigative demand, or similar request as part of a judicial or administrative proceeding that calls for any of the Protected Materials, the Defendant shall promptly notify the requesting entity of the existence of this Protective Order. The Defendant shall also promptly notify all attorneys of record on the case for the United States and the original source party of the Protected Materials, so that the United States and the original source party can have the opportunity to object to the disclosure. If, nonetheless, the Defendant is compelled by court order or other compulsory process to produce the Protected Materials, then production of such materials shall not be deemed a violation of this Protective Order.

11. To the extent any material is produced by the United States to the Defendants or the Defendants' counsel by mistake, the United States shall have the right to require the return of the material and shall do so in writing. Within five days of the receipt of such request (or in an alternative timeframe agreeable to the Defendants and the United States), the Defendants and/or the Defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored, and all corresponding Derivative Materials and Information have also been destroyed.

12. Nothing contained herein shall restrict or prevent any party from offering any Protected Materials for consideration at sentencing or from citing any Protected Materials in

sentencing-related court filings in this case, so long as such documents are redacted in accordance with Federal Rule of Criminal Procedure 49.1. Any offerings from, and citations to, the Protected Materials that pertain to uncharged illegal conduct of others and does not directly involve the Defendants' own charged or relevant conduct must be filed under seal or otherwise presented in a sealed proceeding.

13. Willful violation of this Protective Order may be punishable by contempt of court or any other sanction or combinations of sanctions which are legally available.

It is so ordered:

_____
MA[...]
Dist[...]
United States District Court
Northern District of Illinois

Dated: 3/2/2016

## **Acknowledgment of Protective Order**

The undersigned hereby acknowledges that he or she has received a copy of the Protective Order issued in *United States v. Brandenburger & Davis, et. al.*, Case No. 15-CR-752 (N.D. IL.), has read, understands, and agrees to the terms of the Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of Illinois for the purposes of enforcement of the terms of the Protective Order and the punishment for any violations thereof.

DATED:

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code/Telephone Number